# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**MURRY WEEKS**                                                                 **PETITIONER**

**v.**                                                               **No. 4:09CV91-M-S**

**MS DEPARTMENT OF CORRECTIONS, ET AL.**                      **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner petition of Murry Weeks for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed. Weeks has not responded to the motion, and the deadline for response has expired. The matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss will be granted and the petition dismissed as untimely filed.

### Facts and Procedural Posture

Petitioner Murry Weeks was convicted for five counts of exploitation of a vulnerable adult in the Circuit Court of Leflore County, Mississippi. Weeks was sentenced to serve a term of one years on each count, said sentences to run concurrently, and to be served in the custody of the Mississippi Department of Corrections. On December 11, 2007, the Mississippi Court of Appeals affirmed Weeks' judgment of conviction and sentence. *Weeks v. State*, 971 So. 2d 645 (Miss. App. 2007) (Cause No. 2006-KA-00610-COA). Weeks failed to timely seek discretionary review on direct appeal in state court by filing a petition for rehearing in the supreme court as provided for in MISS. R. APP. P. 40. Weeks signed an "Application for Leave to Proceed in the Trial Court" seeking post-conviction collateral relief on July 3, 2008, which was stamped as filed in the Mississippi Supreme Court on July 7, 2008. This application was denied by Order filed August 13, 2008.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of
habeas corpus by a person in custody pursuant to the judgment of a State court.
The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by
> State action in violation of the Constitution or the laws of the United States
> is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly recognized by
> the Supreme Court and made retroactively applicable to cases on collateral
> review; or
>
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

(2) The time during which a properly filed application for State postconviction or
other collateral review with respect to the pertinent judgment or claim is pending
shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Weeks did not seek the first step of discretionary review in a timely fashion, thus stopping

the appeal process – and the pursuit of further direct review in the Mississippi Supreme Court by

way of a petition for writ of certiorari or review in the United States Supreme Court by way of a

petition for writ of certiorari.[1] *Roberts v. Cockrell,* 319 F.3d 690 (5th Cir. 2003). Therefore,

Weeks' conviction became final, and the statute of limitations for federal habeas relief began to

run, when the time for seeking further direct review in the state court expired – fourteen days after

---

[1]As the Fifth Circuit pointed out in *Roberts v. Cockrell,* 319 F.3d 690, 693 fn 14 (5th Cir.
2003), "By failing to file a petition for discretionary review, [Weeks] apparently waived his right
to seek a writ of certiorari from the Supreme Court." (Citations omitted).

his conviction was affirmed on direct appeal. MISS. R. APP. P. 40(a) (allowing fourteen days to file

a petition for rehearing in state court after direct appeal is affirmed). Accordingly, Weeks'

conviction became final on December 26, 2007 (December 11, 2007, plus fourteen days).[2] The

limitations period was tolled for a period of forty-one days – the number of days that Weeks'

application for post-conviction relief was pending (July 3, 2008, to August 13, 2008), thereby

making Weeks' petition due on or before February 5, 2009 (one year from December 25, 2007,

plus 41 days).

In this case, Weeks' petition for a writ of *habeas corpus* was signed and filed on the same

date, August 18, 2009. As such, Weeks' petition was filed 194 days after the February 5, 2009,

deadline for seeking federal *habeas corpus* relief. Weeks cites no "rare and exceptional"

circumstances to warrant equitable tolling,[3] his petition will be dismissed

with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A

final judgment consistent with this memorandum opinion shall issue today.


**SO ORDERED,** this the 8th day of March, 2010.


**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

[2]The fourteen-day period would have expired on December 25, 2007, which would have been a state holiday, thereby making Weeks' petition for rehearing due on or before the following business day, December 26, 2007.

[3] Weeks was not actively misled nor prevented in some extraordinary way from asserting his rights. *See Ott v. Johnson*, 192 F.3d at 513-14. Furthermore, despite the opportunity to do so in paragraph 18 of the instant petition, Weeks offers no basis for this court to toll the limitations period.